Filed: 9/11/2017 4:14 PM
Lynne Finley
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 19356522

CAUSE NO. 417-04422-2017

| | | |
|---|---|---|
| KATIE M. BROWN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| BLOOMIN BRANDS, INC., DBA | § | |
| FLEMINGS STEAKHOUSE AND | § | |
| JILL ZIMMERMAN | § | |
| | § | |
| Defendants, | § | _____JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, KATIE M. BROWN, complaining of Defendant, BLOOMIN BRANDS, INC, DBA FLEMINGS STEAKHOUSE (hereinafter referred to as "Flemings") AND JILL ZIMMERMAN and for cause of action would show unto the Court the following:

## I.
## PARTIES AND SERVICE

Plaintiff

1.     Plaintiff, KATIE M. BROWN is a resident of Dallas, Texas.

Defendant

1.1    Defendant, Bloomin' Brands, Inc. d/b/a Flemings Steakhouse, is a business authorized to conduct business in the State of Texas and may be served with process by serving its registered agent, Joseph J. Kadow, Executive VP & Chief Legal Officer, 2202 N West Shore Blvd., 5th Fl, Tampa, FL 33607.

### SERVICE OF THIS DEFENDANTS IS REQUESTED AT THIS TIME

1.4     Defendant, JILL ZIMMERMAN is an individual who may be served with process by serving her at her place of employment, Flemings Steakhouse located at: 7250 North Dallas Parkway, Suite 110, Plano, TX 75024

### SERVICE OF THIS DEFENDANTS IS REQUESTED AT THIS TIME

## II.
## JURISDICTION AND VENUE

2.1     This Court has jurisdiction over these Defendants as it does business in the State of Texas and the amount in controversy exceeds the minimum jurisdictional limit of this Court. Venue is proper in Collin County, Texas under the Texas Civil Practices and Remedies Code §15.002 as Flemings is located at 250 North Dallas Parkway, Suite 110, Plano, TX 75024.

## III.
## FACTS

3.1     On October 16, 2016, KATIE M. BROWN was a business invitee of Flemings located at 7250 North Dallas Parkway, Suite 110, Plano, TX 75024 and as she was walking to from the restroom back to her table, she slipped and fell on water near the bar area, causing her injuries.

3.2     As a result of the Defendant's negligent conduct, failing to maintain a safe and dry walkway, Plaintiff sustained injuries to her low back and shoulder. Defendants had actual prior knowledge of the wet floor at issue but did not instruct anyone to clean it and/or or post warning signs.

3.3     Consequently, Plaintiff suffered serious bodily injury as a result of the fall which was proximately caused by the dangerous condition of the unsafe and wet floors.

## IV.
## PREMISES LIABILITY

4.1     Plaintiff was a business invitee on the premises in question.

4.2     Flemings is the owner of the property in question where the incident which forms the basis of this lawsuit occurred.

4.3     The condition of the improperly placed parking chock created a dangerous condition on said premises.

4.4     Defendants knew or reasonably should have known of the above-referenced dangerous condition on said premises.

4.5     Defendants owed a duty to Plaintiff as a business invitee to warn of said dangerous conditions such as wet floors and to make the dangerous condition safe. Defendants breached this duty by failing to warn and failing to make safe this dangerous condition.

4.6     Said breach by Defendants was the proximate cause of Plaintiff's injuries complained of herein.

## V.
## DAMAGES OF PLAINTIFF

5.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was injured. Plaintiff demands compensation for the following damages.

1.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2.  Reasonable and necessary medical care and expenses which will in all reasonable probability

        be incurred in the future;

3.     Physical pain and suffering and mental anguish in the past;

4.     Physical pain and suffering and mental anguish which, in all reasonable probability, will be suffered in the future;

5.     Physical impairment;

6.     Physical disfigurement;

7.     Loss of earning capacity in the past and future;

8.     Loss of household services;

9.     By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## VI.
## PLAINTIFF'S DAMAGES - RULE 47

6.1.    Plaintiff refers to all the preceding and subsequent pleadings in this petition and incorporates herein by this reference for all purposes.

6.1.    Pursuant to the provisions of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff alleges that the damages sought by Plaintiff are within the jurisdictional limits of the Court and Plaintiff seeks monetary relief over $200,000.00 and less than $1,000,000.00. Plaintiff further alleges that any award for damages is ultimately left to the purview of the jury. Therefore, Plaintiff seeks judgment for all other relief to which Plaintiff may be entitled.

6.3    As a direct and proximate result of the wrongful conduct of Defendants, as alleged herein, Plaintiff has sustained both property damages as well as medical injuries, including past and future pain and suffering, past and future lost wages, and economic damages.

## VII.
## REQUEST FOR DISCLOSURE

7.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants to disclose within fifty (50) days of service of this request, the information and material described in Rule 194. Plaintiff further requests that the responding parties produce the responsive documents at The LIDJI Firm in fifty (50) days of service of this request. This Request was initially served on Defendants with Plaintiff's Original Petition.

## VIII.
## JURY DEMAND

8.1     Plaintiff requests a trial by jury in this matter.

## IX.
## DOCUMENTS TO BE USED

9.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff intends to use all documents exchanged and/or produced between, by, or among any parties in this matter, including but not limited to, correspondence, discovery responses, and records (obtained via depositions upon written questions, by subpoena, by affidavit, or otherwise), during the trial of the above-entitled and numbered cause. Moreover, Defendants are put on notice not to destroy any evidence, including, but not limited to reports, files, inter-office emails, intra-office emails, emails from the store from the corporate office, and/or any communication whatsoever related to the defective seating system that resulted in the Plaintiff's incident on October 16, 2016. Furthermore, this notice includes preserving any and all videotape surveillance of the incident in question as well as any evidence related to the relocation of the parking chock at issue from the location.

# X.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**The LIDJI Firm**

/s/ *I. Scott Lidji*
I. Scott Lidji
Texas Bar No. 24000336
scott@thelidjifirm.com
Mary Jo R. Betzen
State Bar No. 24089054
maryjo@thelidjifirm.com
Meadow Park Tower
10440 N. Central Expressway, Suite 1240
Dallas, Texas 75231
(972) 223-7455 (Tel)
(214) 753-4751 (Fax)
**ATTORNEYS FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **417-04422-2017**  COURT *(FOR CLERK USE ONLY):* ~~Collin County, Texas~~

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

Filed: 9/11/2017 4:14 PM
Lynne Finley
District Clerk
~~Collin County, Texas~~
By Pam English Deputy
~~Envelope ID: 19356522~~

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| | | | |
|---|---|---|---|
| Name: I. Scott Lidji | Email: scott@thelidjifirm.com | Plaintiff(s)/Petitioner(s): Katie M. Brown | ☐ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: 10440 N. Central Exp Ste 1240 | Telephone: (972) 223-7455 | | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas TX 75231 | Fax: (214) 753-4751 | Defendant(s)/Respondent(s): Bloomin Brands, Inc & Jill Zimmer | Custodial Parent:<br>Non-Custodial Parent:<br>Presumed Father: |
| Signature: /s/ | State Bar No: 24000336 | [Attach additional page as necessary to list all parties] | |

## Civil

**Debt/Contract**
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

**Foreclosure**
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:

- ☐ Motor Vehicle Accident
- ☒ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:

- ☐ Other Injury or Damage:

- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property

- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

## Family Law

- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

## Probate & Mental Health

- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

---

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action

- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment

- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

---

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13