# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| KATIE M. BROWN | § |
| | § |
| v. | § Civil Action No. 4:17-CV-747 |
| | § Judge Mazzant |
| BLOOMIN' BRANDS, INC. d/b/a | § |
| FLEMINGS STEAKHOUSE and JILL | § |
| ZIMMERMAN | § |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Jill Zimmerman's (Zimmerman) Motion to Dismiss (Dkt. #2). After reviewing the relevant pleadings and motions, the Court finds Defendant's motion should be granted.

### **BACKGROUND**

On October 16, 2016, Plaintiff Katie Brown slipped and fell on water inside a Flemings restaurant. As a result of the fall, on September 11, 2017, Plaintiff filed a premises liability suit in state court against Bloomin' Brands, Inc. d/b/a Flemings Steakhouse [1] ("Flemings") and Zimmerman.

The citizenship of the parties is not in dispute. Plaintiff is a Texas citizen. Flemings, a Florida corporation with its principal place of business in Florida, is a Florida citizen. Zimmerman is a Texas citizen.

On October 19, 2017, Flemings removed the action to federal court on the basis of diversity of citizenship contending that Plaintiff improperly joined Zimmerman in an attempt to destroy the Court's jurisdiction (Dkt. #1). Also on October 19, 2017, Zimmerman filed a Rule 12(b)(6)

---

[1] Although Plaintiff named Bloomin' Brands, Inc. d/b/a Flemings Steakhouse as a defendant in her state court action, the correct name is OSI/Fleming's LLC d/b/a Fleming's Prime Steakhouse (Dkt. #2 at p. 1 n.1).

Motion to Dismiss (Dkt. #2). A response to the motion was due on November 2, 2017. *See* LOCAL RULE CV–7(e).[2] In an Order issued by the Court on December 14, 2017, the Court ordered Plaintiff to file a response no later than December 22, 2017 (Dkt. #9). As of the date of this Memorandum Opinion and Order, Plaintiff has not filed a response to the motion.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct,

---

[2] Local Rule CV–7(e) provides a party responding to a motion to dismiss fourteen days to respond.

2

the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Id.* at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Before the Court can address Zimmerman's motion, the Court must first determine whether jurisdiction is proper, i.e., whether Plaintiff improperly joined Zimmerman making her citizenship irrelevant for jurisdictional purposes.

### I. Jurisdiction

Zimmerman contends that her citizenship is irrelevant since Plaintiff failed to state a viable cause of action against her. Specifically, Zimmerman argues that Plaintiff's claims against her fail because Plaintiff "does not assert that Zimmerman owes an independent duty of care to Plaintiff,

apart from the duty owed by Flemings, Zimmerman's employer at the time of removal." (Dkt. #2 at p. 4).

Diversity jurisdiction exists when "there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Marroquin v. Home Depot USA, Inc.*, No. 1:13-CV-371, 2013 WL 11332951, at *2 (E.D. Tex. Aug. 16, 2013) (citing 28 U.S.C. § 1332). "Complete diversity requires that no plaintiff be a citizen of the same state as any defendant." *Bryson v. Wells Fargo Bank, N.A.*, No. 1:16-CV-28, 2016 WL 1305846, at *3 (E.D. Tex. Mar. 31, 2016) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Id.* (citations omitted). Under 28 U.S.C. § 1441(b), removal of a case on the basis of diversity jurisdiction is improper if any properly joined defendant is a citizen of the state in which the action is brought. However, "if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant" or defendants. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

The doctrine of improper joinder "allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining non[-]diverse parties solely to deprive federal courts of diversity jurisdiction." *Gutierrez v. Allstate Fire and Casualty Ins. Co.*, No. 3:17-CV-0636-D, 2017 WL 2378298, at *2 (N.D. Tex. June 1, 2017) (citing *Smallwood v. Ill. Center. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc)). Improper joinder is established by "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood*, 385 F.3d at 573

(quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Concerning the latter, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant." *Id.* Stated differently, the test requires that "there [be] no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* In performing this analysis, the Court "do[es] not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citations omitted). Further, the Court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gutierrez*, 2017 WL 2378298, at *2 (alteration in original) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)).

"A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory*, 434 F.3d at 309 (citation omitted); *Smallwood*, 385 F.3d at 573. In performing a 12(b)(6)-type analysis, "a federal district court must apply the federal pleading standards." *Gutierrez*, 2017 WL 2378298, at *3 (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016)). As explained earlier, "[t]his standard requires the plaintiff to plead enough facts 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual context that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omitted) (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Likewise, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

Zimmerman claims she is improperly joined because Plaintiff cannot establish a cause of action against her. Specifically, Zimmerman avers that Plaintiff fails to allege any factual support that Zimmerman owed "an independent duty of care apart from her employer's, Flemings', duty." (Dkt. #2 at p. 6).

In *Leitch v. Hornsby*, the Texas Supreme Court explained that a corporate officer or agent, acting in the scope of employment, may be individually liable "only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." 935 S.W.2d 114, 117 (Tex. 1996). However, in *Valdes v. Wal-Mart*, the Fifth Circuit, reluctant to extend *Leitch* to premises liability actions, reasoned that because "*Leitch* was not a premises case [the Fifth Circuit could not] say with full confidence that it [would] appl[y] outside of the employer-employee context." 199 F.3d 290, 294 n.5 (5th Cir. 2000). In *Tri v. J.T.T.*, the Texas Supreme Court alleviated the Fifth Circuit's concerns when it extended *Leitch* to invitor-invitee situations. 162 S.W.3d 552, 562 (Tex. 2005); *see also Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 837–38 (E.D. Tex. 2008); *McKinney v. Home Depot, USA, Inc.*, No. 4:06-CV-0327-A, 2006 WL 2947324, at *2 (N.D. Tex. Oct. 13, 2006). As such, under Texas

law, "an employee may not be held individually liable unless she breaches an independent duty of care she owed to the injured party separate from her employer's duty." *Bourne*, 582 F. Supp. 2d at 838.

"The issue of improper joinder, therefore, rests on whether [Zimmerman] had a duty of reasonable care independent from that of [Flemings]. The Court finds no such duty exist[s]." *Id*. In Plaintiff's state court petition, Plaintiff merely lumps together allegations against both Flemings and Zimmerman. Specifically, Plaintiff alleges that

> Defendants knew or reasonably should have known of the above-referenced dangerous condition on said premises . . . Defendants owed a duty to Plaintiff as a business invitee to warn of said dangerous conditions . . . Defendants breached this duty by failing to warn and failing to make safe this dangerous condition . . . [s]aid breach by Defendants was the proximate cause of Plaintiff's injuries complained of herein.

(Dkt. #1, Exhibit 3 at ¶¶ 4.4–4.6). Such conclusory allegations are insufficient to suggest that Zimmerman owed an independent duty of any kind to Plaintiff. Thus, because Plaintiff "failed to demonstrate the existence of any independent duty on the part of [Zimmerman], Texas law precludes a finding against [Zimmerman] in her individual capacity." *Bourne*, 582 F. Supp. 2d at 838; *accord McKinney*, 2006 WL 2947324, at *3; *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999).

Accordingly, because there is no reasonable basis for the Court "to predict that the plaintiff might be able to recover against" Zimmerman in her individual capacity, Zimmerman is an improperly joined defendant. *Smallwood*, 385 F.3d at 573. Because Zimmerman is improperly joined, the Court disregards her citizenship when determining whether jurisdiction exists. *Flagg*, 819 F.3d at 136. Here, Plaintiff, a Texas citizen, and Flemings, a Florida citizen, are completely diverse. Further, the amount in controversy is greater than $75,000. *See* (Dkt. #1, Exhibit 3 at ¶ 6.1

("Plaintiff seeks monetary relief over $200,000 and less than $1,000,000.")). As such, jurisdiction is proper before the Court. *See* 28 U.S.C. § 1332.

## II. Motion to Dismiss

Because jurisdiction is proper, the Court now addresses Zimmerman's motion to dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

"[A]n employee may not be held individually liable unless she breaches an independent duty of care she owed to the injured party separate from her employer's duty." *Bourne*, 582 F. Supp. 2d at 838. As explained above, Plaintiff failed to properly plead the existence of any independent duty on the part of Zimmerman. As such, "Texas law precludes a finding against [Zimmerman] in her individual capacity." *Id.* Because Plaintiff failed to "state a claim that is plausible on its face," the Court finds that Zimmerman's motion should be granted. *Twombly*, 550 U.S. at 570.

## CONCLUSION

It is therefore **ORDERED** that Defendant Zimmerman's Motion to Dismiss (Dkt. #2) is hereby **GRANTED**, and Plaintiff's claims against Zimmerman are **DISMISSED.**

**SIGNED this 31st day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE